IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMONT COX, | : |
| Petitioner, | : |
| v. | : CIVIL ACTION |
| | : No. 00-cv-5188 |
| MARTIN HORN, Commissioner, | : |
| Pennsylvania Department of Corrections and | : Hon. Edward G. Smith |
| CONNOR BLAINE, Superintendent of the | : |
| State Correctional Institution at Greene, | : |
| Respondents. | : |

**PETITIONER'S REPLY TO COMMONWEALTH'S RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(E)**

STUART B. LEV
LOREN D. STEWART
JAHAAN SHAHEED
Federal Community Defender Office
 for the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Philadelphia, Pennsylvania 19106
(215) 928-0520

Counsel for Petitioner Jermont Cox

Dated: April 15, 2019

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................... 1

THIS COURT SHOULD GRANT MR. COX'S RULE 59 MOTION TO AMEND OR
ALTER ITS JUDGEMENT ........................................................................................................ 1

    A.    Respondent's Argument that the Third Circuit Has Endorsed a *Strickland* Analysis of Underlying IATC Claims Is a Misreading of *Workman*. .......................... 1

    B.    The Court Should Reevaluate the Substantiality of Mr. Cox's IATC Claim for Failure to Present an Adequate Defense Using the *Workman* Framework. ................. 4

    C.    Respondent's Efforts to Distinguish the Facts of Mr. Cox's Case From those in *Workman* Fail. ................................................................................................................. 5

CONCLUSION ........................................................................................................................... 7

**PRELIMINARY STATEMENT**

On August 28, 2018, this Court denied Petitioner's Rule 60(b)(6) motions. Petitioner filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) on September 25, 2018. (Doc. 113). Respondent filed its Response to the Motion on March 20, 2019. Petitioner now files this Reply to address the points raised by Respondent in its filing. All emphasis is supplied unless otherwise noted.

**ARGUMENT**

**THIS COURT SHOULD GRANT MR. COX'S RULE 59 MOTION TO AMEND OR ALTER ITS JUDGEMENT.**

This Court should grant Mr. Cox's motion because (1) contrary to Respondent's contentions, *Workman v. Albion SCI*, 915 F.3d 928 (3d Cir. 2019), is an intervening change in controlling law, and (2) relief is necessary to correct manifest errors of law and fact and to prevent injustice. *See* Fed. R. Civ. P. 59(e); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs, Inc. v. Densply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).

A.  **Respondent's Argument that the Third Circuit Has Endorsed a *Strickland* Analysis of Underlying IATC Claims Is a Misreading of *Workman*.**

Contrary to Respondent's contentions, *Workman* is an intervening change in controlling law. In *Workman*, the Third Circuit explicitly held that substantiality must be evaluated "under a standard *less* exacting" than the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). 915 F.3d at 939; *see also Martinez v. Ryan*, 566 U.S. 1 (2012). In a subsequent[1] case, *Richardson*

---

[1] *Workman* was initially decided on September 11, 2018. *See Workman v. Superintendent*, 903 F.3d 368 (3d Cir. 2018). The panel granted rehearing on October 30, 2018, *see* 907 F.3d 741 (3d. Cir. 2018), and issued a new opinion on November 15, 2018, *see* 908 F.3d 896 (3d. Cir. 2018). On February 6, 2019, the panel granted a "sur" rehearing motion and vacated the November 15, 2018, opinion. *See* 915 F.3d 171 (3d Cir. 2019). On February 12, 2019, the court issued its final

*v. Superintendent Coal Twp. SCI*, the Third Circuit cited *Workman* for the proposition that "substantiality is a notably lower standard than the proof of prejudice required by *Strickland*'s second prong." 905 F.3d 750, 764 (3d Cir. 2018).[2] *Richardson* supports Petitioner's contention that, in *Workman*, for the first time, the Third Circuit concluded that a Petitioner "need not make any additional showing of prejudice, as *Strickland* would require." *Id.*

Despite the unambiguous language of the Third Circuit, Respondent ignores this directive and inexplicably cites earlier decisions to endorse a *Strickland* analysis of underlying IATC claims. For example, Respondents argues that the substantiality analysis in *Workman* is the same as that in *Bey v. Superintendent Greene SCI*, 856 F.3d 230 (3d Cir. 2017). In *Bey*, the Third Circuit considered the substantiality requirement in *Martinez* by evaluating trial counsel's performance under *Strickland*, finding both deficient performance and prejudice. *Id.* at 238 ("[W]e conclude that Bey was prejudiced because of his trial counsel's failure to object to the faulty Kloiber charge. . . . Therefore, we hold that Bey can show his underlying ineffective assistance of trial counsel claim is a substantial one under *Martinez*."). This determination of substantiality is inapposite to *Workman*'s renunciation of a *Strickland* standard for underlying IATC claims.

In subsequent cases, such as *Preston v. Superintendent Graterford, SCI*, the Third Circuit questioned whether the prejudice prong of *Strickland* should be applied to IATC claims under *Martinez*. 902 F.3d 365, 377 (3d Cir. 2018) ("[I]t would seem that, in light of the relatively light

---

opinion. The portions of *Workman* at issue in this Rule 59(e) motion did not materially change in the rehearing process.

[2] Although *Richardson* (a 2018 opinion) appears to precede *Workman* (a 2019 opinion), *Richardson* (decided on October 2, 2018) actually post-dated the first *Workman* opinion (September 11, 2018) and relied on the first *Workman* opinion.

'substantiality test' regarding the merits of the IATC claim, a strict prejudice analysis for *Martinez* purposes would be misplaced."). But the Third Circuit did not affirmatively answer this question in *Preston*. 902 F.3d at 378 ("Here, where counsel's performance in failing to assert the Confrontation Clause claim seems clearly substandard under the first prong of *Strickland*, we need not concern ourselves with the prejudice prong of *Strickland* in order to satisfy *Martinez* and excuse the procedural default of the IATC claim."). That question was not resolved until *Workman*.

Moreover, in other cases cited by Respondent—*Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014); *Jones v. Pennsylvania Board of Probation and Parole*, 492 Fed. Appx. 242, 244-245 (3d Cir. 2012)—the Third Circuit suggested that the Certificate of Appealability (COA) standard should be used in a determination of substantiality. However, those decisions are void of a practical COA analysis, and the underlying IATC claims are not evaluated to determine whether reasonable jurists could disagree about the claims or whether the claims deserved encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 226 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Likewise, Respondents' argument that *Preston* and *Bey* are "cited with approval" in *Workman* fails. Resp. at 8. Though *Workman* cites *Preston* and *Bey* in footnotes, the Third Circuit does not endorse a *Strickland* analysis of underlying IATC claims in any of those citations.

In sum, *Workman* did not simply "repeat[] the same definition of 'substantial'" that the Third Circuit had endorsed in prior opinions. Resp. at 4. As explained in Petitioner's motion, *Workman* denounced the use of *Strickland* analysis, particularly the prejudice prong, in the determination of substantiality. Accordingly, this Court's evaluation of Mr. Cox's IATC claims

3

under *Strickland* should be altered in light of *Workman*. This Court should amend the judgment and evaluate Mr. Cox's underlying defaulted ineffectiveness claims under the correct standard.

      **B.      The Court Should Reevaluate the Substantiality of Mr. Cox's IATC Claim for Failure to Present an Adequate Defense Using the *Workman* Framework.**

Respondent argues that there was "nothing improper about the Court evaluating the substantiality of petitioner's defaulted" IATC claims "by analyzing them under the *Strickland* standard." Resp. at 7. This Court denied relief because "none of Cox's procedurally defaulted IATC claims have merit on either element of the *Strickland* test." *Id.* Respondent asserts "that is precisely the approach endorsed by the Third Circuit." *Id.* As discussed above, this is a misreading of *Workman*. The Third Circuit unequivocally held that underlying IATC claims "*must* be evaluated under a standard less exacting that *Strickland* prejudice." *Workman*, 915 F.3d at 938. Yet this Court engaged in the very analysis that *Workman* precluded. *See* Memo. Op. at 23-28 (analyzing claims under "deficient performance" and "prejudice" standards of *Strickland*). Mr. Cox's judgment must be amended in light of *Workman*.

Finally, the standard elucidated by the Third Circuit in *Workman* rejected any notion that the IATC claims have to be meritorious in order to clear the hurdle of default. Thus, this Court should alter its decision, which found that a successful *Martinez* claim "must be rooted in substantially meritorious" IATC claims. *See* Memo. Op. at 31. *Workman* makes it clear that "meritorious" is not the proper standard necessary to grant relief under *Martinez*. In reaching its conclusion, this Court imposed a higher standard than was permissible in its adjudication of Mr. Cox's *Martinez* claim. This Court should grant Mr. Cox's motion for amendment or alteration of the judgment.

C.  **Respondent's Efforts to Distinguish the Facts of Mr. Cox's Case from those in *Workman* Fail.**

Respondent argues that Mr. Cox's case is different from *Workman* because "trial counsel here did not persist with an impossible defense theory that had zero chance of persuading the factfinder." Resp. at 12. To support this assertion, Respondent aggrandizes the testimony of the Commonwealth's ballistics expert and concludes that Officer John Finor did not "refute trial counsel's buck fever theory." *Id.* Trial counsel asked Officer Finor if he had heard of "buck fever." N.T. 10/28/93 at 64. After answering affirmatively, Officer Finor described "buck fever" as "a term that's used in the hunting area" and where a hunter "gets very excited and usually misses the deer because he's so excited." *Id.* Trial counsel proceeded to ask whether "it's not uncommon for someone to shoot into the ground" when they have buck fever. *Id.* Officer Finor responded that he "really [didn't] know." *Id.* at 65. Counsel concluded his "buck fever" questions by asking Officer Finor if "buck fever" is a "collective term" of "strange and relatively unexplainable behavior . . . in hunters," including "shooting more shots than they ever realized." *Id.* Officer Finor testified that "buck fever could apply . . . I guess." *Id.* This is hardly an endorsement of counsel's "buck fever" theory. Moreover, Officer Finor's initial description of "buck fever" focused on hunters *missing* their target, further demonstrating the improbability of counsel's defense. *Id.* at 64.

Moreover, Respondent's argument belies Officer Finor's testimony on direct examination. Prior to counsel's "buck shot" questions, the Commonwealth presented evidence that with "three shots, especially if it's a revolver, you have to pull a double action trigger and/or cock the hammer" it is highly "unlikely" to commit an accidental shooting. *Id.* at 57. If, as the Respondent concludes, the weapon was a revolver, *see* Resp. at 12, then trial counsel proceeded with a theory that did not adapt to the facts of trial. *Cf. Workman*, 915 F.3d at 941 ("Any

5

objective standard of reasonableness requires counsel to understand facts and testimony and adapt to them, even at the expense of purportedly clever theories."). The evidence adduced on direct foreclosed trial counsel's theory of "buck fever." As in *Workman*, Mr. Cox's trial counsel proceeded with a theory that "had zero chance of persuading the factfinder." Resp. at 12. After applying *Workman*, this Court should amend its analysis and find that Mr. Cox's claims have at least "some merit," satisfying the initial prong of *Martinez*.

In its support of the "buck fever" defense, Respondent repeats the Court's finding that "Cox's inculpatory admission that he shot twice left him without winning options." Resp. at 9 (quoting *Cox v. Horn*, 2018 WL 4094963 at *15). This is untrue. Mr. Cox's attorney could have presented a plausible, or even winning option, had he hired a ballistics expert to rebut the factual scenario presented at trial through Officer Finor.[3] Relatedly, the Court's finding that the revised ballistics report did not constitute an "extraordinary circumstance" was based on a manifestly erroneous finding of fact and conclusion of law.

In sum, post-conviction counsel's ineffectiveness caused any procedural default. PCRA counsel was ineffective in his failure to pursue Petitioner's substantial claim that trial counsel was ineffective. This Court should grant relief.

---

[3] In its argument that Mr. Cox was not diligent in pursuing his ballistics claim, Respondent posits that Mr. Cox's *pro se* petition for allowance of appeal and *pro se* PCRA petition were filed "long after his 1993 trial, and thus do not establish diligence." Resp. at 15. But this Court acknowledged that these very same petitions proved that Mr. Cox "diligently pursued his defaulted IATC claims," and that Respondents "appear to concede" as much. *See* Memo. Op. at 29 (Doc. 113). Thus, the timing of Mr. Cox's *pro se* petitions is not dispositive of his diligence.

## CONCLUSION

For the reasons stated in Petitioner's prior submissions and herein, this Court should amend or alter its judgement and grant Mr. Cox relief pursuant to Federal Rule of Civil Procedure 59(e) and 60(b)(6).

Respectfully Submitted,

　/s/ Loren D. Stewart
STUART LEV
LOREN STEWART
JAHAAN SHAHEED
Federal Community Defender Office
　for the Eastern District of Pennsylvania
The Curtis Center, Suite 545 W
Philadelphia, Pennsylvania 19106
(215) 928-0520

Counsel for Petitioner-Appellant Jermont Cox

Dated:  April 15, 2019

## CERTIFICATE OF SERVICE

I, Loren Stewart, hereby certify that on this date, I served the foregoing *Reply to Commonwealth's Response to Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)*, on the following persons by filing the same through the Court's CM/ECF System:

>Max Kaufman
>Supervisor, Federal Litigation Unit
>Philadelphia District Attorney's Office
>Three South Penn Square
>Philadelphia, PA 19107-3499

>  /s/ Loren D. Stewart
> Loren D. Stewart
> Assistant Federal Defender

Dated:  April 15, 2019